10778

STATE v. POE

(110 S. E. 118)

FALSE PRETENCES—EVIDENCE HELD INSUFFICIENT FOR SUBMISSION TO JURY IN PROSECUTION FOR DRAWING DRAFT WITHOUT SUFFICIENT FUNDS.—In prosecution for drawing draft on employer payable to named bank without sufficient funds with employer to meet the draft, in violation of Cr. Code 1912, § 208, as amended by Act of March 4, 1914 (28 St. at Large, p. 489), in which there was no evidence that he did not have ample money in the hands of his employer to meet the draft, or that the draft was turned down for that reason, or that he obtained any money from the bank, and where the evidence showed that the cashier of the bank to whom he had given draft represented third party from whom employee had purchased goods for employer and did not act in his capacity as cashier of the bank, the Court should have directed a verdict for the defendant.

Before MAULDIN, J., Allendale, February, 1921.    Reversed.

G. B. Poe convicted of drawing draft without sufficient funds to meet same and appeals.

*Messrs. James M. Patterson* and *Harley & Blatt,* for appellant.    Oral argument.

*Mr. R. L. Gunter, Solicitor,* for the State, cites:    *Act does not amount to imprisonment for debt*:    Crim. Code 1912, Sec. 208; 28 Stat., 489; 64 S. C., 206.    *Intent*:    36 S. C., 506.

December 19, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case contains the following:

"The defendant above named was convicted during the February General Sessions term of Court for Allendale County, for violating Section 208 of the Criminal Code, as amended by the General Assembly of the State of South Carolina in 1914 (28 St. at Large, p. 489).    The matter

involved a draft for $1,426.45, and after conviction by a
jury the Court sentenced the defendant to pay a fine of
$600, or be confined at hard labor on the public works of
Allendale County, or in the State penitentiary, for a period
of six months, and if within six months the defendant sat-
isfied the bank that said sentence be suspended during good
behavior.

"Before the jury was empaneled and sworn counsel for
the defendant moved to quash the indictment upon grounds
stated in the notes of the stenographer, which motion was
refused. Counsel for defendant further made a motion
to direct a verdict in favor of the defendant upon grounds
stated in the notes of the stenographer, which motion was
also refused."

"INDICTMENT

"That G. B. Poe, late of the County and State afore-
said, on the 17th day of June, in the year of our Lord 1920,
with force of arms at Allendale, in the County and State
aforesaid, did willfully and unlawfully draw and utter a
certain draft for the sum of $1,426.45, on L. H. Kepner &
Co., of Baltimore, Md., in favor of Citizens' Bank of Allen-
dale, S. C., and did not then and there have sufficient funds
with the said L. H. Kepner & Co. to meet the same, and
did not deposit with them sufficient funds to pay the said
draft within 30 days thereafter; the said G. B. Poe ob-
tained from the Citizens' Bank of Allendale, by virtue of
the said draft, the sum of $1,426.45, against the form of
the statute in such case made and provided, and against the
peace and dignity of the State."'

The appellant was the purchasing agent for L. H. Kepner
& Co. and bought for his employers a carload of cucum-
bers from Mr. W. L. Manor, of Allendale County. Manor
left the bill of lading with Mr. L. W. Googe, cashier of the
Citizens' Bank of Allendale. The appellant went to the
bank, gave the draft to Mr. Googe, and got from Mr.
Googe the bill of lading. For some reason (immaterial

here), the draft was not paid, and Mr. Poe was indicted under the statute for drawing a draft on L. H. Kepner & Co., when he had no money with them to pay it. The verdict should have been directed. There is no evidence that the appellant did not have ample money in the hands of his employers to meet the draft, or even that the draft was turned down for that reason. There is no evidence to show (as charged) that the appellant got any money from the bank. Mr. Googe, in this transaction, was acting as agent for Mr. Manor, and not in his capacity as cashier of the bank. He says: "Throughout this transaction I was acting as agent of Mr. Manor." Mr. Googe deposited the draft in the bank to the credit of Mr. Manor.

There was no evidence to sustain the allegations of the complaint, and a verdict should have been directed.

The judgment is reversed.